GARCÍA, PLAINTIFF AND APPELLANT, v. DÍAZ, DEFENDANT AND
APPELLEE.

## APPEAL from the District Court of Ponce in Injunction Proceedings.

No. 3041.—Decided April 28, 1924.

INJUNCTION—RECOVERY OF POSSESSION—DESCRIPTION OF PROPERTY.—In an in-
junction proceeding to recover the possession of a piece of real property the
allegation that the defendant deprived the plaintiff of a piece of land, stat-
ing the number of meters, is not a sufficiently specific description of the
property.

ID.—ID.—DEMURRER—AMENDMENT.—If a plaintiff does not amend his complaint
when a demurrer is filed, but relies on a decision of the court in his favor,
he can not assign as error the favorable action of the court.

ID.—ID.—PLEADING—APPEAL.—When the theory of the trial court is that the
plaintiff was deprived of his possession he can not on appeal change that
theory and set up acts of trespass and violence rather than a change of
possession.

The facts are stated in the opinion.

*Messrs. Parra Capó & Torres Córdova* for the appellant.
*Mr. C. Brunet* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In an injunction proceeding to recover possession of a
piece of real estate the District Court of Ponce rendered
judgment against complainant.

We do not find that the court was in error in holding
that the land was insufficiently described, if, as purported
in the complaint, the defendant deprived complainant of a
distinct portion of the land. The complainant merely said
that defendant deprived her of a piece of land, putting a
fence around it and setting off the number of meters.

The appellant insists, however, that the court should
have sustained the demurrer to her complaint on this ground
and given her a chance to amend. Appellant cites no au-
thority and we are under the impression that the demurrer
was a sufficient notice to complainant and she can hardly
be heard to complain of the lack of attention to her own

deficiency. The appellant maintains that the defect in the complaint was cured by the evidence.

The court was not bound to take a view. This is discretional and no abuse of discretion was shown.

The appellant insists that the case really turned on acts of disturbance and violence of defendant, rather than on a change in the possession. Appellee counters by saying that this is a change of the trial court's theory. The contention of appellee is justified by an examination of the complaint, and appellant does not show that appellee stood by and permitted the variance to such a point as to bring him within principles of waiver as indicated by sections 136–138 of the Code of Civil Procedure.

The evidence tends to show that the complainant bought a piece of land of defendant; that the parties never successfully defined the boundaries; that with the consent, if not at the instance, of complainant, after one abortive attempt years before, the surveyor (Blas Silva) made a survey, and that defendant caused a fence to be put up running along the boundary lines, and that part of this fence ran up to the balcony of complainant.

The appellant however did not show that she was deprived of any part of the house or that her ingress to or egress from the house was prevented and there was no satisfactory proof that she was in possession of any part of the land over which the fence runs.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.